**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20154

(Summary Calendar)
_____


ESEQUIEL RODRIGUEZ,

                              Petitioner-Appellant,

versus

WAYNE    SCOTT,    Director,    Texas
Department  of  Criminal  Justice,
Institutional Division,

                              Respondent-Appellee.


_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-89-4083)
_____

November 14, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Esequiel Rodriguez appeals from the district court's order denying his motion for a temporary restraining order. We dismiss the appeal as frivolous.

Rodriguez was convicted of attempted murder in a Texas state court and sentenced to life imprisonment. The district court granted Rodriguez's federal petition for habeas corpus, set aside

_____

Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

his sentence, and remanded to the state court for resentencing. Respondent Wayne Scott filed a timely notice of appeal. Asserting that the State of Texas has no right of appeal in habeas corpus cases, Rodriguez filed a motion for a temporary restraining order to prevent Scott from appealing the district court's grant of habeas relief. The district court denied Rodriguez's motion, and Rodriguez filed a timely notice of appeal.

We regularly entertain appeals in federal habeas cases where the state is the appellant. *See, e.g., Cupit v. Whitley*, 28 F.3d 532 (5th Cir. 1994) (vacating district court's grant of habeas relief upon appeal by State of Louisiana). In fact, such appeals are specifically contemplated by FED. R. APP. P. 22(b), which excuses a state or its representative, when appealing in federal habeas cases, from the certificate of probable cause requirement. The state court cases cited by Rodriguez, concerning a state's right of appeal in state habeas proceedings, are not applicable to federal habeas proceedings, which are governed by federal law.

Because this appeal is without arguable merit, it is DISMISSED as frivolous. 5TH CIR. R. 42.2. Further, we warn Rodriguez that any additional frivolous appeals filed by him or on his behalf may be met with appropriate sanction, in accordance with FED. R. APP. P. 38.